### Ex Parte Richard Gray.

No. 2064.   Decided January 24, 1900.

**Habeas Corpus—Evidence.**

Upon a hearing on habeas corpus under an indictment charging rape, where applicant is held upon capias issued on said indictment he is neither entitled to bail or his discharge because the State failed to introduce the indictment in evidence.

Appeal from the District Court of Duval.   Tried below before Hon. A. L. McLane.

Appeal from a refusal of bail upon a hearing on habeas corpus.

The application for the writ of habeas corpus alleged that applicant was held in jail by the sheriff of Duval County by virtue of a capias duly issued upon an indictment pending in the District Court charging him with rape.

The alleged injured party was one Rosa Garcia, a female who was proven to be about 13 years of age. She testfied to frequent acts of intercourse with applicant, who was her cousin, whilst she lived with his mother, and she also testified that she was pregnant by applicant. No further statement necessary.

No brief for relator has come to the hands of the Reporter.

*Rob't A. John,* Assistant Attorney-General, for respondent.

DAVIDSON, Presiding Judge.—Applicant was arrested for rape on a girl under 15 years of age, and applied for and obtained a writ of habeas corpus. Upon the hearing he was remanded, without bail. The main question presented by applicant is the failure of the prosecution to introduce the indictment in evidence. The return of the sheriff shows applicant was held by virtue of a capias issued under an indictment then pending against him, charging him with said rape. Whether applicant was held under indictment or complaint, so far as this proceeding is concerned, is immaterial. It is unquestioned that he was held for rape, and he was not entitled to his discharge or to bail because the State failed to introduce the indictment in evidence. Following our rule in this character of case, we pretermit a discussion of the testimony. The judgment is affirmed.

*Affirmed.*